[616 NYS2d 290]

In the Matter of HERBERT L. GREENMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 15, 1994

**APPEARANCES OF COUNSEL**

*Vincent L. Scarsella,* Buffalo, for petitioner.

*Denis A. Scinta,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on January 8, 1973 and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition

containing five charges involving respondent's failure to pursue appeals from criminal convictions to both this Court and the United States Circuit Court of Appeals for the Second Circuit after having been retained by clients to do so. In two cases, the appeals were dismissed for failure to perfect them. Respondent in his answer asserted matters in mitigation. After a hearing, the Referee filed a report sustaining the factual allegations of the petition and making findings in mitigation that petitioner moves to confirm. Respondent joins in the motion and requests this Court to pay particular attention to the findings in mitigation.

Respondent is guilty of violating the following provisions of the Code of Professional Responsibility, effective January 1, 1970, as amended effective September 1, 1990: DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]), by neglecting a legal matter entrusted to him by a client; DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]), by failing to carry out a contract of employment for professional services; and DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3]), by prejudicing or damaging a client during the course of the professional relationship.

It is apparent from the mitigating circumstances, as found by the Referee, that respondent, a dedicated practitioner, accepted too much work during a time of personal crisis and was unable to fulfill his professional responsibilities. We note also that an attorney is now working with respondent in order to enable him to remain current in his workload.

Accordingly, respondent should be censured.

PINE, J. P., BALIO, LAWTON, WESLEY and DAVIS, JJ., concur.

Order of censure entered.